

# UNITED STATES DISTRICT COURT

SEP 1 1 2023

CLERK, U.S. DISTRICT COURT
ANCHORAGE, AK

for the

_Anchorage_ District of _ALASKA_

_3rd_ Division

| | |
|---|---|
| Theresa MacDonald<br>2535 West 69th Court<br>Anchorage, Alaska 99502 | Case No. _3:23-CV-00208 - SLG_<br>*(to be filled in by the Clerk's Office)* |
| _____ | |
| *Plaintiff(s)*<br>*(Write the full name of each plaintiff who is filing this complaint.*<br>*If the names of all the plaintiffs cannot fit in the space above,*<br>*please write "see attached" in the space and attach an additional*<br>*page with the full list of names.)* | Jury Trial: *(check one)* ☐ Yes ☐ No |
| **-v-** | |
| State of Alaska, DHSS, OCS<br>Anchorage, Alaska | |
| _____ | |
| *Defendant(s)*<br>*(Write the full name of each defendant who is being sued. If the*<br>*names of all the defendants cannot fit in the space above, please*<br>*write "see attached" in the space and attach an additional page*<br>*with the full list of names. Do not include addresses here.)* | |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Non-Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

## I.      The Parties to This Complaint

### A.      The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Theresa Margaret MacDonald |
| Address | 2535 West 69th Court |

| Anchorage | AK | 99502 |
|---|---|---|
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | Anchoraged, Municipality |
| Telephone Number | 907-268-1599 |
| E-Mail Address | terialaskan@gmail.com |

### B.      The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Emma Haddix |
| Job or Title *(if known)* | Assistant Attourney General |
| Address | 1031 West 4th Ave |

| Anchorage | AK | 99502 |
|---|---|---|
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | Anchoraged, Municipality |
| Telephone Number | 907-269-5158 |
| E-Mail Address *(if known)* | emma.haddix@alaska.gov |

☐ Individual capacity    ☑ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Paul McDermott |
| Job or Title *(if known)* | Attorney For The Gardian ad litem |
| Address | 900 West 5th Avenue |

| Anchorage | AK | 99501 |
|---|---|---|
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | Anchorage Municipality |
| Telephone Number | 719-375-4258 or 907-269-3538 |
| E-Mail Address *(if known)* | |

☐ Individual capacity    ☑ Official capacity

Defendant No. 3

| | |
|---|---|
| Name | Gabrielle Lauria |
| Job or Title *(if known)* | Protective Specialist II |
| Address | 323 East 4th Avenue |

| | | |
|---|---|---|
| Anchorage | AK | 99501 |
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | Anchorage Municiaplity |
| Telephone Number | 907-744-7269, or 907-269-3403 |
| E-Mail Address *(if known)* | gabrielle.lauria@alaska.gov |

☐ Individual capacity  ☑ Official capacity

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Address | |

| | | |
|---|---|---|
| | | |
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | |
| Telephone Number | |
| E-Mail Address *(if known)* | |

☐ Individual capacity  ☐ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☑ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials? The Dept. of HSS, and OCS of the State of Alaska, deprived all my rights under the Federal Indian Child Welfare Act (ICWA) Laws. I claim and officially state that as I am an Indian Child Welfare Act " Indian Custodian" under and within the statutes of the Federal ICWA Act. On May 2019, ICWA child Marirose Pushruk was permanently placed with me under the Judge Miller and again ICWA child was once again recently ruled with ICWA the Federal laws. ~~ICWA requires states and tribes to give full faith and credit to the public acts and records and judicial proceedings of tribes with regarding to child custoy proceedings.~~

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials? States, (ALASKA) must recognize that record for

On April 12, 2022 Judge F. Pfiffner permanently placed ICWA MariRose Pushruk me, her ICWA " Indian Custodian. ICWA child got sick required a bone marrow transplantation, she received it and then again Judge Pfiffner that she be placed with me April 12, 2022. Dept HSS and OCS had 5 days to file objections and never did. In May 2019 Judge Miller placed ICWA child with extended foster family (Theresa MacDoanld) ICWA child got sick had to go to Seattle to get Bone Marrow Transplant.

D.  Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.
Applicable Federal Law
In any adoptive placement of an Indian child under State law, a preference shall be given, in the absence of good cause to the contrary, to a placement with (1) a member of the child's extended family; (2) other members of the Indian child's tribe; or (3) other Indian families. Dept. of HSS, and OCS of the State of Alaska, deprived all my ICWA rights, one by lying over and over again. Regarding ICWA family.

## III.  Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.  Where did the events giving rise to your claim(s) occur?
The Dept. of HSS, and OCS of the State of Alaska, deprived all my rights under the Federal Indian Child Welfare Act (ICWA) Laws. I claim and officially state that as I am an Indian Child Welfare Act " Indian Custodian" under and within the statutes of the Federal ICWA Act. On May 2019, ICWA child Marirose Pushruk was permanently placed with me under the Judge Miller and again ICWA child was once again recently ruled with ICWA the Federal laws on April 12, 2022, by Judge F. Pfiffner

B.  What date and approximate time did the events giving rise to your claim(s) occur?
ICWA child returned from Seatte, WA, her body accepted her transplant, and she was still under oncology Doctors orders. OCS failed to provide assist, for ICWA child during day care while I worked. OCS was to assit under the Titles IV-B and XX of the Social Security Act, tribally licensed or approved foster or adoptive homes are deemed equivalent to state licensed or approved foster or adoptive homes or institutions. 25 U.S.C. 1931(b). OCS staff, lied to Paul and Emma saying I taken ICWA child

C.  What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*
OCS staff Gabrielle Lauria, lied to Paul McDrmott and to Emma Haddix stating that I had taken child to Easter Egg Hunt at the St. Patrick's Catholic Church in Muldoon. I never ever did take ICWA Child to an Easter Egg hunt out at that church. Easter Egg hunt was at my Mother's Aleta Pushruk apartment outside with only my sister, Marirose, cousin Isabella Pushruk and I. I have a video of it. Judge Pfiffner states that Court make Permanency findings with Theresa MacDonald and, so does Office of Children Services Gabriella Lauria. Judge Piffner authorized permanent plan and that weekened, Easter weekend I was given approval that Marirose Pushruk be permantely place with her cousin Theresa Pushruk MacDonald who is ICWA Indian custodian. She was to be at my her per everyone, Judge Pfiffner, Gabrielle L., Emma H. Paul M.. ICWA child's Doctor's appointment was that Monday, April 18, 2022, and I clenaed her face and hands with a paper towel. The nurse states that I cleaned her face fuzzy, but ICWA's child had dirt and burgers on it. ICWA child had a low grade fever and did not need to go to ER at ANMC. Allegedly, due to lies and munipliations of situations she's was placed in a nonnative home. Superior, DHHS and OCS trying to adopt her to nonnatives. when she is ICWA.

## IV.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Per the Superior, and the Supreme court including Gabrial I, Theresa MacDonald have made reports of bruises and scratches many, many, many times over and over again that Marirose Pushruk received from her other foster homes.  The court documented it and so did OCS.  Per, Paul M. and Emma H.,  she, meaning I had observed on MariRose, and stated that she had

photographs.6 [Tr. 34] Caseworker Lauria asked Theresa to provide those photos, but

Lauria was never given them. [Tr. 35].  This is a lie a complete lie, I sent them Office of Children Services email address for child abuse and, she the person who receives them, this staff with Office of Children Services reporting back person replied back to me stating that she would give them/send them to the OCS person.  Time and time again Marirose Pusrhuk had continues bruses and scrapes of bruises on her knees and scratches. ongoing foster Nonnative foster placement does not care for MariRose Pusrhuk. She needs to come back home to her last known family address. Marirose Pushruk needs to return back to ICWA Indian Custodian Theresa Pushruk MacDonald, to 2535 West 69th Court, Anchorage, Alaska 99502. (907) 268-1599. We are ICWA and she is ICWA and I am ICWA. We are the Federal ICWA statutes.The policy section of the Indian Child Welfare Act (ICWA), 1902, 25 U.S.C. § 1915. Placement of Indian children (1) A member of the Indian childs extended family; (2) Other members of the Indian childs tribe; or (3) Other Indian families. Practice Tip: In most instances, Indian children should be placed in relative foster care or adoptive homes if Title IV-E funds are supporting the placement. Even for a child who does not meet the definition of an Indian child under ICWA, Title IV-E requires states to first look to relatives for foster care and adoptive placements for child

## V.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

Practice Tip:

In most instances, Indian children should be placed in relative foster care or adoptive homes if Title IV-E funds are supporting the placement. Even for a child who does not meet the definition of an Indian child under ICWA, Title IV-E requires states to first look to relatives for foster care and adoptive placements for children. See also FAQ 19 Application of Other Federal Laws. The practitioner should be aware that placement with relatives satisfies the permanency requirements of the Adoption and Safe Families Act of 1997 (ASFA), 42 U.S.C. 673b, 678, 679b (2000), and constitutes good cause not to proceed with termination of parental rights.

* MariRose Pushruk and Theresa Pushruk MacDOnald needs to remain together and Marirose Pushruk needs to return back to her last known Alaska Native Inupiaq Native Family home. We are family, inupiaq family and were are and are protected under the Federal laws of Indian Child Welfare Act.  I am a prefrence criteria, and she must return home, to her native culture and traditions.  She must, please return home, so that she wont' have such and hard darn life, becuse of the lies that Gabrielle, Paul and Emmas states.  (3) The unavailability of suitable homes that meet the preference criteria.

21-376 Haaland v. Brackeen (06/15/2023) Return Indian Child, Indian Child Welfare Act MariRose Pushruk A QUOTE. In passing the Indian Child Welfare Act (ICWA), the clear intent of Congress was to  "protect the best interest of Indian children and to promote the stability and security of Indian tribes and families."  25 U.S.C.

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:            09/10/2023

Signature of Plaintiff       Theresa MacDonald    *Theresa MacDonald*

Printed Name of Plaintiff    Theresa MacDonald

### B.    For Attorneys

Date of signing:            09/10/2023

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

|  | City | State | Zip Code |
|---|---|---|---|

Telephone Number    (907) 268-1599

E-mail Address       terialaskan@gmail.com