# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

THERESA MARGARET MACDONALD,

Plaintiff,

v.

STATE OF ALASKA, DHSS, OCS, et al.,

Defendants.

Case No. 3:23-cv-00208-SLG-KFR

**REPORT AND RECOMMENDATION TO DISMISS THIRD AMENDED COMPLAINT**

Before the Court are several documents filed by self-represented Plaintiff Theresa Margaret MacDonald.[1] Each of these documents appears to be a version of an amended complaint, which the Court previously granted Plaintiff leave to file.[2] The Court liberally construes Plaintiff's filings at Docket 15 and Docket 18, together, to be her Third Amended Complaint in this case. Like its predecessors, however, the Third Amended Complaint is largely unclear and fails to state a claim upon which relief could be granted. The record to date, including Plaintiff's repeated failure to follow the Court's instructions for curing the deficiencies with her federal claims, makes clear that further amendment of those claims would be futile. Thus, the Court recommends that this action be **DISMISSED without leave to amend;** dismissal of Plaintiff's federal claims should be **with prejudice,** while dismissal of Plaintiff's state law claims should be **without prejudice.**

**I.    DISCUSSION**

On September 11, 2023, Plaintiff commenced this action by filing a Complaint for Violation of Civil Rights ("Complaint"), a civil cover sheet, and an application to waive filing

---

[1] Docs. 14, 15, 17, 18.
[2] Doc. 13.

fee.³ Plaintiff later filed an Amended Complaint, asserting claims against various state and federal officials in their official capacities pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*.⁴ Liberally construing the Amended Complaint, Plaintiff alleged that these officials deprived her of her constitutional or statutory rights through their actions in connection with the Alaska Office of Children's Services' ("OCS") decision to place Plaintiff's cousin, an Alaska Native child, with a non-Native foster family instead of with Plaintiff.⁵ Plaintiff sought relief in the form of an order requiring the child's return to Plaintiff's home.⁶

The Court screened the Amended Complaint in accordance with 28 U.S.C. § 1915(e) and determined it was deficient for lack of clarity and for failure to state a claim upon which relief could be granted.⁷ Although the lack of clarity made it difficult to make out Plaintiff's claims, the Court analyzed each of the claims it believed Plaintiff might have attempted to raise. First, the Court explained that any claims Plaintiff wished to bring pursuant to 42 U.S.C. § 1983 for violations of her constitutional rights by state actors were flawed because Plaintiff did not allege any violation of an enforceable federal right.⁸ The Court noted that two additional issues with Plaintiff's § 1983 claims were that several named Defendants were immune from suit and that there were no allegations suggesting that certain other Defendants acted under color of state law.⁹ Second, the Court explained that any claims Plaintiff wished to bring under *Bivens* for violations of her constitutional rights by federal actors were also flawed because: (1) there were no allegations that any Defendant was a federal official who violated Plaintiff's constitutional rights; and (2) Plaintiff sought only injunctive relief, which is not available in *Bivens* actions.¹⁰ And third, the Court explained that to the extent Plaintiff was attempting to bring a claim pursuant to the Indian Child Welfare Act ("ICWA"), she did not allege facts to

---

³ Docs. 1–3.
⁴ Doc. 6; *see also* 403 U.S. 388 (1971).
⁵ *See* Doc. 6 at 7–8, 10–11.
⁶ *Id.* at 14.
⁷ Doc. 11.
⁸ *Id.* at 6–10.
⁹ *Id.* at 10–12.
¹⁰ *Id.* at 13.

R&R re Third Amended Complaint 2
*MacDonald v. State of Alaska, DHSS, OCS, et al.*
3:23-cv-00208-SLG-KFR
Case 3:23-cv-00208-SLG-KFR   Document 19   Filed 06/28/24   Page 2 of 8

allow a plausible inference that any Defendant violated a section of the statute for which there exists a cause of action.[11]  The Court gave Plaintiff leave to amend to cure any issues with the Amended Complaint that were capable of being addressed.[12]

On February 27, 2024, Plaintiff filed her Second Amended Complaint.[13]  In the Second Amended Complaint, Plaintiff seemed to attempt to add claims for discrimination and for violation of her rights under the Fourteenth Amendment.[14]  However, Plaintiff failed to allege the factual basis for these or any other claims and did not reassert any of the claims she raised in her Amended Complaint, as the Court had directed her to do if she sought to amend her complaint.[15]  In addition, Plaintiff used the Second Amended Complaint as a vehicle to seek reconsideration of certain rulings that the Court made in its Screening Order.[16]

On March 18, 2024, the Court issued an order dismissing the Second Amended Complaint because it failed to follow the Court's instructions for filing an amended complaint.[17]  The Court also denied Plaintiff's request for reconsideration of its rulings as lacking in merit.[18]  The Court again granted Plaintiff leave to amend but again cautioned her that any amended complaint must allege all claims she wishes to bring, all defendants she wishes to sue, and all facts she wishes to use to support her claims.[19]

Between May 17 and June 10, 2024, Plaintiff filed four separate documents; three of these documents contain a narrative describing Plaintiff's claims and the fourth is a partially completed form complaint that lists the basis for jurisdiction and the defendants Plaintiff wishes to sue.[20]  For purposes of screening, the Court considers the most recent iteration of

---

[11] *Id.* at 14–15.
[12] *Id.* at 16–18.
[13] Doc. 12-1.
[14] Doc. 12-1 at 7, 10.
[15] Doc. 11 at 17.
[16] *See* Doc. 12-1 at 7, 9–10.
[17] Doc. 13 at 1, 3.
[18] *Id.* at 3–4.
[19] *Id.* at 5.
[20] Docs. 14, 15, 17, 18.

R&R re Third Amended Complaint  3
*MacDonald v. State of Alaska, DHSS, OCS, et al.*
3:23-cv-00208-SLG-KFR

Plaintiff's three similar filings[21] and the partially completed form complaint[22] to collectively make up Plaintiff's Third Amended Complaint. In these two filings, Plaintiff appears to seek to add numerous additional defendants to this case.[23] In addition, Plaintiff now alleges that: (1) Defendants Kristen Moore and Gabrielle Lauria, two officials charged with tasks related to the child's placement and care, improperly "falsified documents" and failed to register the child with Medicaid;[24] (2) Defendant Mike Dunleavy, Governor of the State of Alaska, has "unlawfully adopted [Native children] out [and] illegally assimilated them";[25] (3) Defendants Treg Taylor and Jayne Fallon "falsif[ied]" and distributed "unprofessional letters from the Alaska Office of Administrative Hearings" in May 2024;[26] (4) Defendant Joanne Robertson, an OCS employee, "maliciously" told others, including judges and other OCS employees, that Plaintiff "was lacking mental clarity" and "needed . . . to get a mental evaluation";[27] and (5) various Defendants unlawfully supported the child's placement with a non-Native family.[28] Plaintiff believes that these actions render Defendants liable under § 1983, ICWA, and Alaska state law.[29] For relief, Plaintiff now seeks $3,690,000 in damages and an order removing Governor Dunleavy from office, "revers[ing] . . . all adoptions within the State of Alaska," requiring the State of Alaska to "write improved implementations for [Indian] children . . . [to] return to [their] home[s]," vacating the "fraudulent adoption" of Plaintiff's cousin by a non-

---

[21] Doc. 18. Plaintiff's filings at Dockets 14 and 17 are both titled "Model Rule 26(f) Report and Proposed Scheduleing [sic] Order for Victims' Infringement." Both generally restate Plaintiff's allegations made in her two prior Complaints and conclude with the assertion that Plaintiff has "civil rights under the First Amendment, Fourth Amendment, the 11 [sic] Amendment and the Federal Congressional law of Indian Child Welfare Act of 1978" and demand "collective and class action" under various federal and state statutes. Doc. 14 at 15; Doc. 17 at 19.
[22] Doc. 15.
[23] In the filing at Docket 15 and in the caption of the filing of Docket 18, Plaintiff lists the following individuals as new defendants: Christine Edwards, Patricia Dallas, Talia L. Robinson, Robin Darbonne, Ashly Andrews, Jennifer Mae Heikkila, Ramiah Vaoalii, Kristen Moore, Robin Charlie, Treg Taylor, Jayne E. Fallon, Debra Haaland, Bryan Newland, Mike Dunleavy, and Robin Charlie.
[24] Doc. 18 at 5; Doc. 15 at 2–3.
[25] Doc. 18 at 5.
[26] *Id.* at 6.
[27] *Id.* at 11–12.
[28] *Id.* at 8, 15, 19.
[29] *Id.* at 2–4, 7, 17, 19.

R&R re Third Amended Complaint 4
*MacDonald v. State of Alaska, DHSS, OCS, et al.*
3:23-cv-00208-SLG-KFR
Case 3:23-cv-00208-SLG-KFR   Document 19   Filed 06/28/24   Page 4 of 8

Native family, changing the child's name back to her birth name, requiring the child's return to Plaintiff's care, and requiring a "public apology" by Defendants.[30]

As an initial matter, the Court finds that Plaintiff has not used the opportunity to amend her complaint to cure the deficiencies the Court discussed at length in the Screening Order. The Court observes that the factual basis for Plaintiff's claims remains mostly unclear, such that it is difficult to tell "how, when, where, and what occurred that gives rise to a claim for relief."[31] Nevertheless, even construing Plaintiff's allegations liberally in light of her *pro se* status, these vague and largely conclusory allegations do not fix the problems with any claims she wishes to bring under § 1983, *Bivens*, or ICWA that the Court identified in its prior orders. Although Plaintiff states that Defendants violated certain of her constitutional rights under the First, Fourth, Eleventh, and Fourteenth Amendments of the U.S. Constitution,[32] the Court is unable to identify any constitutional violation that might give rise to § 1983 or *Bivens* liability.[33] Moreover, although Plaintiff appears to maintain that she has a § 1983 or ICWA claim because Defendants Robertson or Dunleavy violated her rights under ICWA, Plaintiff again does not allege facts that give rise to a cognizable claim.[34] Therefore, Plaintiff has failed to state a claim under § 1983, *Bivens*, or ICWA.[35]

To the extent that Plaintiff is attempting to raise new claims in the Third Amended Complaint, the Court declines to hear them. Based on the allegations described above, Plaintiff asserts that certain Defendants committed various state law torts, including slander, libel,

---

[30] *Id.* at 4, 6–9.
[31] Doc. 11 at 17.
[32] Doc. 18 at 2, 17, 19.
[33] *See* Doc. 11 at 6–10, 13.
[34] *See id.* at 14–15. As the Court previously explained, ICWA provides a right of action for violations of only certain sections of that statute. ICWA does not provide a right of action for violations of 25 U.S.C. § 1915, the section that lists placement preferences. *See id.*
[35] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (quoting *Bell Atl. Co. v. Twombly*, 550 U.S. 544, 570 (2007))).

R&R re Third Amended Complaint 5
*MacDonald v. State of Alaska, DHSS, OCS, et al.*
3:23-cv-00208-SLG-KFR
Case 3:23-cv-00208-SLG-KFR   Document 19   Filed 06/28/24   Page 5 of 8

defamation, and negligent infliction of emotional distress.[36] Plaintiff also appears to assert that certain Defendants violated various Alaska statutes or regulations.[37] However, district courts do not have original jurisdiction over state law claims where the action is premised only on the existence of a federal question, as is the case here.[38] Where all claims over which a district court had original jurisdiction have been dismissed, the court may choose to exercise supplemental jurisdiction over any remaining state law claims.[39] However, that decision rests in the court's discretion upon consideration of "judicial economy, convenience, fairness, and comity."[40] Usually, those factors "will point toward declining to exercise jurisdiction over the remaining state-law claims."[41] Having considered the relevant factors, the Court declines to exercise its supplemental jurisdiction over Plaintiff's remaining state law claims here.

Finally, the Court finds that further amendment would be futile and thus dismissal of

---

[36] Doc. 18 at 2–3. Slander, libel, defamation, and negligent infliction of emotional distress are claims that typically fall within the scope of traditional state tort law. Plaintiff also alleges that Defendant Heather Payenna, a "Federal ICWA Agents Manager Supervisor," "ma[de] [others] believe that [Plaintiff] . . . need[ed] to get a mental evaluation[.]" Doc. 18 at 15. To the extent Plaintiff is attempting to bring a claim under the Federal Tort Claims Act ("FTCA") against Defendant Payenna based on these allegations, any such claim fails. The FTCA provides that the exclusive remedy for certain torts committed by federal employees is a suit against the United States, which Plaintiff has not named in this action. *See* 28 U.S.C. §§ 2672, 2679(b)(1). More fundamentally, the FTCA does not waive sovereign immunity as to claims arising out of "libel, slander, misrepresentation, [and] deceit," which means that courts must dismiss such claims that are brought against federal employees. *See* 28 U.S.C. § 2680(h). Even assuming that Defendant Payenna is a federal employee who may be subject to suit under the FTCA, Plaintiff's claim against Defendant Payenna is based on allegations of libel, slander, misrepresentation, or deceit and is therefore statutorily barred. *See Sabow v. United States*, 93 F.3d 1445, 1456 (9th Cir. 1996) ("In determining whether a claim 'arises out of' one of the enumerated torts, [courts] . . . examine whether the conduct upon which the claim is based constitutes one of the torts listed in § 2680(h).").
[37] Doc. 18 at 3–4, 7.
[38] *See id.* at 3; 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").
[39] 28 U.S.C. § 1367(a), (c)(3); *see also Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction." (internal quotation marks and citations omitted)).
[40] *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991).
[41] *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *accord Les Shockley Racing v. Nat'l Hod Rod Ass'n*, 884 F.2d 504, 509 (9th Cir. 1989) (stating that when federal claims are eliminated before trial, district courts should ordinarily decline to exercise supplemental jurisdiction); *see also Hoeck v. City of Portland*, 57 F.3d 781, 785 (9th Cir. 1995) ("Needless decisions of state law should be avoided as a matter of comity." (internal quotation marks and citation omitted)).

this action without leave to amend is appropriate. "[A] district court may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment.'"[42] "It is well-established that a court may dismiss an entire complaint with prejudice where plaintiffs have failed to plead properly after 'repeated opportunities.'"[43] The Court gave Plaintiff several chances to amend, along with detailed instructions as to what she needed to do to cure the deficiencies with her complaint. Plaintiff has repeatedly failed to follow these instructions: the fundamental issues with the claims she raised in her Amended Complaint persist, and the Third Amended Complaint is just as difficult to parse. The Court has no confidence that further amendment might produce a different result and thus recommends dismissal without leave to amend, including dismissal with prejudice of Plaintiff's § 1983, *Bivens*, and ICWA claims that arise out of the facts she has alleged in this action.[44] Because Plaintiff raised her state law claims for the first time in the Third Amended Complaint and the Court is exercising its discretion not to entertain those claims, the Court recommends dismissal of Plaintiff's state law claims without prejudice.

## II. CONCLUSION

Plaintiff's Third Amended Complaint does not cure the deficiencies described in the Court's Screening Order: namely, it is unclear and fails to state a claim for relief. The Court finds that further amendment would be futile and thus recommends that this action be

---

[42] *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010).

[43] *Destfino v. Reiswig*, 630 F.3d 952, 959 (9th Cir. 2011) (quoting *Semegen v. Weidner*, 780 F.2d 727, 730–31 (9th Cir. 1985)); *accord Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad." (internal quotation marks, alterations, and citation omitted)); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to amend).

[44] *See Zucco*, 552 F.3d at 1007 (holding that a plaintiff's failure to cure a complaint's deficiencies is "a strong indication that the plaintiff[] ha[s] no additional facts to plead" and that "any attempt to amend would be futile"). When the Court recommends dismissing a specific claim, it typically identifies the claim by reference to the "count" in which the claim appears in the complaint. Here, however, Plaintiff's complaints do not include counts and do not otherwise distinguish each of her claims. In addition, the complaints are extremely difficult to parse. As a result, the Court uses broad language to refer to Plaintiff's claims.

R&R re Third Amended Complaint 7
*MacDonald v. State of Alaska, DHSS, OCS, et al.*
3:23-cv-00208-SLG-KFR
Case 3:23-cv-00208-SLG-KFR   Document 19   Filed 06/28/24   Page 7 of 8

**DISMISSED without leave to amend.** The Court further recommends that dismissal of Plaintiff's federal claims be **with prejudice** and that dismissal of Plaintiff's state law claims be **without prejudice.**

DATED this 28th day of June, 2024, at Anchorage, Alaska.

*s/ Kyle F. Reardon*
KYLE F. REARDON
United States Magistrate Judge
District of Alaska

**NOTICE OF RIGHT TO OBJECT**

Under 28 U.S.C. § 636(b)(1), a district court may designate a magistrate judge to hear and determine matters pending before the Court. For dispositive matters, a magistrate judge reports findings of fact and provides recommendations to the presiding district court judge.[45] A district court judge may accept, reject, or modify, in whole or in part, the magistrate judge's order.[46]

A party may file written objections to the magistrate judge's order within 14 fourteen days.[47] Objections and responses are limited to five (5) pages in length and should not merely reargue positions previously presented. Rather, objections and responses should specifically identify the findings or recommendations objected to, the basis of the objection, and any legal authority in support. Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the district court's judgment.[48]

---

[45] 28 U.S.C. § 636(b)(1)(B).
[46] *Id.* § 636(b)(1)(C).
[47] *Id.*
[48] *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).

R&R re Third Amended Complaint 8
*MacDonald v. State of Alaska, DHSS, OCS, et al.*
3:23-cv-00208-SLG-KFR
Case 3:23-cv-00208-SLG-KFR   Document 19   Filed 06/28/24   Page 8 of 8